NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
ADRIAN F. VALLENS (State Bar No. 332013)
  adrianvallens@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendants
WARNER BROS. TELEVISION, a division of
WB STUDIO ENTERPRISES INC.;
WARNERMEDIA DIRECT, LLC; FOX
BROADCASTING COMPANY, LLC; GREG
BERLANTI; BCR & CO.; CHRIS FEDAK;
VHPT! CO.; SAM SKLAVER;
SKLAVERWORTH INC.; and SARAH
SCHECHTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LYGA, an individual,<br><br>                      Plaintiff,<br><br>          vs.<br><br>WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES INC., a Delaware corporation; WARNER MEDIA DIRECT LLC, a Delaware limited liability company; FOX BROADCASTING COMPANY, a Delaware corporation; GREG BERLANTI, an individual; BCR & CO. dba BERLANTI PRODUCTIONS, a California corporation; CHRIS FEDAK, an individual; VHPT! CO., a California corporation; SAM SKLAVER, an individual; SKLAVERWORTH INC., a California corporation; SARAH SCHECTER, an individual; and DOES 1 through 100, inclusive,<br><br>                      Defendants. | Case No. 2:22-cv-06814-FLA-AGR<br><br>**DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, defendants Warner Bros. Television, a division of WB Studio Enterprises Inc. ("WBTV"), WarnerMedia Direct, LLC ("WMD"), Fox Broadcasting Company, LLC ("Fox"), Greg Berlanti ("Berlanti"), BCR & Co. ("BCR"), Chris Fedak ("Fedak"), VHPT! Co. ("VHPT!"), Sam Sklaver ("Sklaver"), Sklaverworth Inc. ("Sklaverworth"), and Sarah Schechter ("Schechter") (collectively, "Defendants") respond to plaintiff Barry Lyga's ("Plaintiff") Second Amended Complaint ("SAC") as follows:

## INTRODUCTION

1.     WBTV admits that in 2011, Horizon Scripted Television Inc. entered into an Option/Purchase Agreement in connection with the option and acquisition of certain rights in and to the book *I Hunt Killers*; that Horizon Scripted Television Inc. did not exercise or renew its option ending in 2014; and that WBTV was a producer of *Prodigal Son*.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 regarding an option agreement for *I Hunt Killers*, and deny them on that basis. Except as otherwise answered, Defendants deny the remaining allegations in Paragraph 1.

2.     To the extent that the allegations in Paragraph 2 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants deny the allegations in Paragraph 2.

3.     To the extent that the allegations in Paragraph 3 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants deny the allegations in Paragraph 3.

4.     Defendants deny that Plaintiff is entitled to any relief in this action.

## JURISDICTION

5.     To the extent that the allegations in Paragraph 5 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required,

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants admit that this action arises under 17 U.S.C. § 101 *et seq.*  Defendants do not contest jurisdiction in this Court.

6.      Defendants do not contest personal jurisdiction in this matter.

7.      Defendants do not contest that venue in this District is proper.  Except as otherwise answered, Defendants deny the allegations in Paragraph 7.

## **PARTIES**

8.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and deny them on that basis.

9.      To the extent that the allegations in Paragraph 9 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, WBTV admits that WBTV is a Delaware corporation with its principal place of business in Burbank, California, and that Warner Bros. Television is a division of WB Studio Enterprises, Inc.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and deny them on that basis.

10.      To the extent that the allegations in Paragraph 10 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, WMD admits that WMD is a Delaware limited liability company with its principal place of business in New York, New York, and that it is registered as a Limited Liability Company – Out of State in California.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and deny them on that basis.

11.      To the extent that the allegations in Paragraph 11 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Fox denies the allegations in Paragraph 11.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and deny them on that basis.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

12.     Berlanti admits that he resides in Los Angeles, California.  Berlanti denies that he, as an individual, does business as Berlanti Productions.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and deny them on that basis.

13.     To the extent that the allegations in Paragraph 13 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Berlanti and BCR admit that BCR is a California corporation with its principal place of business in Burbank, and that at times it does business as Berlanti Productions.  Except as otherwise answered, Berlanti and BCR deny the remaining allegations in Paragraph 13.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and deny them on that basis.

14.      Fedak admits that he resides in Los Angeles, California.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and deny them on that basis.

15.     To the extent that the allegations in Paragraph 15 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Fedak and VHPT! admit that VHPT! is a California corporation with its principal place of business in Encino, California.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and deny them on that basis.

16.     Sklaver admits that he resides in Los Angeles, California.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and deny them on that basis.

17.     To the extent that the allegations in Paragraph 17 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Sklaver and Sklaverworth admit that Sklaverworth is a California corporation with its principal place of business in Los Angeles, California.  The remaining

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and deny them on that basis.

18.     Schechter admits that she resides in Los Angeles, California.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18, and deny them on that basis.

19.     To the extent that the allegations in Paragraph 19 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19, and deny them on that basis.

20.     To the extent that the allegations in Paragraph 20 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 20.

## GENERAL ALLEGATIONS

21.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21, and deny them on that basis.

22.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22, and deny them on that basis.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23, and deny them on that basis.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and deny them on that basis.

25.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25, and deny them on that basis.

26.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26, and deny them on that basis.

27.     WBTV admits that in July 2011, Horizon Scripted Television Inc. entered into an Option/Purchase Agreement in connection with the option and acquisition of certain rights in and to the book *I Hunt Killers*.  WBTV further

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

admits that Horizon Scripted Television Inc. extended the option agreement. WBTV lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 27, and denies them on that basis.  The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and deny them on that basis.

28.   WBTV admits that in 2014, Horizon Scripted Television Inc. did not exercise or renew its option.  Except as otherwise answered, WBTV lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and denies them on that basis. The remaining Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and deny them on that basis.

29.   Defendants admit that Fedak and Sklaver were co-creators, executive producers, showrunners, and writers on *Prodigal Son*, and wrote the pilot. Defendants further admit that WBTV and Berlanti Productions were credited as producers for *Prodigal Son*, Berlanti and Schechter served as executive producers for *Prodigal Son*, and Fox aired *Prodigal Son*.  Defendants further admit that https://www.fox.com/prodigal-son states that *Prodigal Son* is from executive producers Berlanti and Schechter and writers Fedak and Sklaver.  Defendants deny the remaining allegations in Paragraph 29.

30.   Defendants admit that *Prodigal Son*'s first episode aired on September 23, 2019, and that it was picked up for a full season in or about October 2019. Defendants further admit that in or about May 2020, Fox announced that it renewed *Prodigal Son* for a second season, which premiered on January 12, 2021. Defendants further admit that on May 10, 2021, Fox announced that it had canceled the series after two seasons.  Defendants deny that the first season of *Prodigal Son*, as aired, consisted of 22 episodes.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## **ALLEGED SIMILARITIES**

31.    To the extent that the allegations in Paragraph 31 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 31.

32.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and deny them on that basis.

33.    Defendants admit that *Prodigal Son* involves a character named Malcolm Bright whose father Martin Whitly is a serial killer known as "The Surgeon"; that police capture Martin when Malcolm is a child; that Malcolm did not see his father for approximately 10+ years; that Malcolm changed his last name; that, as an adult, Malcolm works for the FBI and then consults with the NYPD as a profiler; that Malcolm helps police capture a copycat serial killer; that Malcolm discusses the cases he is working on with Martin; and that Malcolm interacts with Gil Arroyo, an NYPD detective who helped arrest Martin.  Except as otherwise answered, Defendants deny the allegations in Paragraph 33.

34.    Defendants deny the allegations in Paragraph 34.

35.    Defendants admit that portions of *Prodigal Son* are set in New York City, where Malcolm Bright lives, and that Episode 1 includes a scene set in Tennessee.  Defendants deny the remaining allegations in Paragraph 35 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 35, and deny them on that basis.

36.    Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright is fired from the FBI and subsequently consults with the NYPD.  Defendants deny the remaining allegations in Paragraph 36 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 36, and deny them on that basis.

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

37.     Defendants admit that in *Prodigal Son*, Malcolm Bright tracks serial killers, including with local law enforcement.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 37, and deny them on that basis.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that in Episode 1 of *Prodigal Son*, the copycat killer injects his victims with paralytics before their death, and that Malcolm Bright creates a profile of the killer who is acting as a copycat of Malcolm's father. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 39, and deny them on that basis.

40.     Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright describes his father's copycat killer as "a serial killer superfan. … He's also inadequate.  He can't craft his own murders, so he mimics 'The Surgeon'." Defendants deny the remaining allegations in Paragraph 40 regarding *Prodigal Son*. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40, and deny them on that basis.

41.     Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright and the police go to the apartment of Nico Stravros, where they encounter the copycat killer, who escapes capture.  Defendants further admit that police break down the door to the apartment.  Defendants deny the remaining allegations in Paragraph 41 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41, and deny them on that basis.

42.     To the extent that the allegations in Paragraph 42 are legal argument or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 4 of *Prodigal Son*, a model and social media influencer's body is staged to match a photo campaign that she appeared in. Defendants deny the remaining allegations in Paragraph 42 regarding *Prodigal Son*.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42, and deny them on that basis.

43.     To the extent that the allegations in Paragraph 43 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that Malcolm Bright remembers finding a girl in a box as a child, but across multiple episodes of the Series, does not recall what happened to her. Defendants deny the remaining allegations in Paragraph 43 regarding *Prodigal Son*. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43, and deny them on that basis.

44.     To the extent that the allegations in Paragraph 44 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in *Prodigal Son*, Martin Whitly admits that he was a "mentor of sorts" to other serial killers.  Defendants deny the remaining allegations in Paragraph 44 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 44, and deny them on that basis.

45.     Defendants admit that Martin Whitly is referred to by his nickname, "The Surgeon," across multiple episodes of *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45, and deny them on that basis.

46.     To the extent that the allegations in Paragraph 46 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 7 of *Prodigal Son*, Malcolm Bright believes that as a child he may have cut someone with a knife, although Malcolm has trouble remembering what he did.  Defendants further admit that Malcolm Bright has fleeting and partial memories from his childhood across multiple episodes of *Prodigal Son*.  Defendants deny the remaining allegations in Paragraph 46 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

form a belief as to the truth of the remaining allegations in Paragraph 46, and deny them on that basis.

47.     Defendants admit that Episode 7 of *Prodigal Son* introduces a killer subsequently referred to as the Junkyard Killer after police locate several bodies in a junkyard.  Defendants deny the remaining allegations in Paragraph 47 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 47, and deny them on that basis.

48.     Defendants admit that in Episode 7 of *Prodigal Son*, Martin Whitly says that he knows the Junkyard Killer.  Defendants deny the remaining allegations in Paragraph 48 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 48, and deny them on that basis.

49.     Defendants admit that in Episode 9 of *Prodigal Son*, Eve says "You scare me, Malcom Bright."  Defendants deny the remaining allegations in Paragraph 49 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49, and deny them on that basis.

50.     To the extent that the allegations in Paragraph 50 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that Episode 10 of *Prodigal Son*, which aired on December 2, 2019, ends with Malcolm Bright knocked unconscious and kidnapped by a killer named John Watkins.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50, and deny them on that basis.

51.     Defendants admit that in Episode 12 of *Prodigal Son*, Malcolm Bright tells Dr. Coppenrath that he "grew up inside a case.  Living with a killer.  If I'd have solved that one faster, more people would have been saved.  When I put

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

myself in danger to find a killer, I'm not thinking about me.  I'm thinking about them. The victims."  Defendants deny the remaining allegations in Paragraph 51 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 51, and deny them on that basis.

52.     Defendants admit that in Episode 14 of *Prodigal Son*, Malcolm Bright intentionally stabs Martin Whitly in the chest at his father's request, but does not kill him.  Defendants deny the remaining allegations in Paragraph 52 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 52, and deny them on that basis.

53.     Defendants admit that in Episode 16 of *Prodigal Son*, Malcolm Bright tells Eve that "I still feel responsible" for not saving "the girl in the box," who responds by stating that "You were only ten.  It's not your fault."  Defendants deny the remaining allegations in Paragraph 53 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 53, and deny them on that basis.

54.     To the extent that the allegations in Paragraph 54 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 19 of *Prodigal Son*, Martin Whitly tells his family what he knows about Nicholas Endicott, including that Endicott's "one rule" is that "you can never say no," and referring to him as a "special kind of monster."  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 54, and deny them on that basis.

55.     Defendants admit that in Episode 20 of *Prodigal Son*, a flashback shows Martin Whitly telling Malcolm Bright that "You're my son.  I will always love you.  Because we're the same."  Defendants further admit that as an adult, Malcolm tells Martin "I'm nothing like you.  We are not the same" and "I'm not a

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

killer … like you." Defendants further admit that in Episode 20 of *Prodigal Son*, Malcolm Bright says to Sophie Sanders "I'm sorry that I couldn't save you," with Sanders responding "You were only a kid." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55, and deny them on that basis.

56.     Defendants admit that in Episode 20 of *Prodigal Son*, Martin Whitly says to Malcolm "Leaving all that DNA on the body? Very sloppy, son" and says "you've got to clean up after yourself. First rule of killing. And kindergarten." Defendants deny the remaining allegations in Paragraph 56 regarding *Prodigal Son*. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 56, and deny them on that basis.

57.     To the extent that the allegations in Paragraph 57 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants admit that *Prodigal Son* does involve, in part, a relationship between a son and his serial-killer father; a father's influence on his son; dysfunctional family relationships; and investigating crimes. Defendants deny the remaining allegations in Paragraph 57 regarding *Prodigal Son*. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 57, and deny them on that basis.

58.     To the extent that the allegations in Paragraph 58 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright says "I got to give them a hand" after cutting off a man's hand in order to save his life. Defendants deny the remaining allegations in Paragraph 58 regarding *Prodigal Son*. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 58, and deny them on that basis.

59.     Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright tells Detective Powell that "I imagine the crime from the killer's point of view."

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 59, and deny them on that basis.

60.    To the extent that the allegations in Paragraph 60 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright tells a killer that "My real name is Malcolm Whitly.  I changed it because I wanted to get away from him.  See, I always thought I was afraid of my father and everything he taught me.  But, really, I was afraid of me."  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 60, and deny them on that basis.

61.    To the extent that the allegations in Paragraph 61 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright reads an affirmation card which states "I'm willing to let go and trust myself." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 61, and deny them on that basis.

62.    Defendants admit that in Episode 1 of *Prodigal Son*, Detective Tarmel jokingly refers to Malcolm Bright as the killer, stating "He's the killer right?  We agree?"  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 62, and deny them on that basis.

63.    To the extent that the allegations in Paragraph 63 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that Malcolm Bright is a profiler who reads people around him. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 63, and deny them on that basis.

64.    Defendants admit that that Malcolm Bright remembers finding a girl in a box as a child, but across multiple episodes of the Series (including Episode 2), does not recall what happened to her.  Defendants lack sufficient knowledge or

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

information to form a belief as to the truth of the remaining allegations in Paragraph 64, and deny them on that basis.

65.     Defendants admit that in Episode 7 of *Prodigal Son*, Malcolm Bright believes that as a child he may have cut someone with a knife, although Malcolm has trouble remembering what he did.  Defendants further admit that Malcolm Bright has fleeting and partial memories from his childhood across multiple episodes of *Prodigal Son*.  Defendants deny the remaining allegations in Paragraph 65 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 65, and deny them on that basis.

66.     To the extent that the allegations in Paragraph 66 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 14 of *Prodigal Son*, Martin Whitly tells Malcolm Bright that "I took you up to the cabin to kill you" but "I couldn't bring myself to do it."  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 66, and deny them on that basis.

67.     To the extent that the allegations in Paragraph 67 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that Martin Whitly is a serial killer who was a well-regarded surgeon prior to his capture, and that he is, at times, witty, charismatic, manipulative, and charming.  Defendants deny the remaining allegations in Paragraph 67 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 67, and deny them on that basis.

68.     Defendants admit that in Episode 1 of *Prodigal Son*, Martin Whitly discusses real-life serial killers, including Dahmer, with a college-age Malcolm Bright.  Defendants deny the remaining allegations in Paragraph 68 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

as to the truth of the remaining allegations in Paragraph 68, and deny them on that basis.

69.     Defendants deny the allegations in Paragraph 69 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 69, and deny them on that basis.

70.     Defendants admit that Martin Whitly tells Malcolm Bright that he loves him in *Prodigal Son*.  Defendants deny the remaining allegations in Paragraph 70 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70, and deny them on that basis.

71.     Defendants admit that in Episode 1 of *Prodigal Son*, Malcolm Bright tells Detective Arroyo that he intends to visit Martin Whitly at Claremont Psychiatric Hospital because "he'll only talk to me."  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 71, and deny them on that basis.

72.     Defendants admit that in Episode 2 of *Prodigal Son*, Martin Whitly discusses the concept of love with Malcolm Bright, stating "Love didn't drive me to kill anyone.  No.  It drove me to have you."  Defendants deny the remaining allegations in Paragraph 72 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 72, and deny them on that basis.

73.     Defendants admit that in Episode 7 of *Prodigal Son*, Martin Whitly shouts at his daughter, Ainsley Whitly, "I was a good father."  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 73, and deny them on that basis.

74.     Defendants admit Detective Gil Arroyo is a widower who arrested Martin Whitly when Malcolm Bright was a boy, and expresses concern for Malcolm's wellbeing.  Defendants lack sufficient knowledge or information to form

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   a belief as to the truth of the remaining allegations in Paragraph 74, and deny them
2   on that basis.

3       75.     To the extent that the allegations in Paragraph 75 are legal arguments
4   or conclusions, they require no answer.  To the extent that an answer is required,
5   Defendants deny the allegations in Paragraph 75.

6       76.     Defendants admit that Martin Whitly refers to his son Malcolm Bright
7   as "my boy" multiple times through Season 1 of *Prodigal Son*.  Defendants deny
8   the remaining allegations in Paragraph 76 regarding *Prodigal Son*.  Defendants lack
9   sufficient knowledge or information to form a belief as to the truth of the remaining
10  allegations in Paragraph 76, and deny them on that basis.

11      77.     To the extent that the allegations in Paragraph 77 are legal arguments
12  or conclusions, they require no answer.  To the extent that an answer is required,
13  Defendants admit that throughout *Prodigal Son*, serial killer Martin Whitly is
14  referred to as "The Surgeon."  Defendants lack sufficient knowledge or information
15  to form a belief as to the truth of the remaining allegations in Paragraph 77, and
16  deny them on that basis.

17      78.     To the extent that the allegations in Paragraph 78 are legal arguments
18  or conclusions, they require no answer.  To the extent that an answer is required,
19  Defendants admit that in Episode 2 of *Prodigal Son*, Malcolm Bright refers to
20  Martin Whitly by saying "My father is Dr. Malcolm Whitly.  One of the most
21  notorious serial killers since Jack the Ripper."  Defendants deny the remaining
22  allegations in Paragraph 78 regarding *Prodigal Son*.  Defendants lack sufficient
23  knowledge or information to form a belief as to the truth of the remaining
24  allegations in Paragraph 78, and deny them on that basis.

25      79.     Defendants admit that in Episode 2 of *Prodigal Son*, Ainsley Whitly
26  discusses Martin Whitly with Malcolm Bright, stating "Don't go back to him.
27  Don't let him get into your mind."  Defendants lack sufficient knowledge or
28

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

information to form a belief as to the truth of the remaining allegations in Paragraph 79, and deny them on that basis.

80.     Defendants admit that in Episode 2 of *Prodigal Son*, Malcolm Bright tells Martin Whitly that "There's only one thing I want from you, and that's the truth.  Tell me what you did to me."  Defendants deny the remaining allegations in Paragraph 80 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 80, and deny them on that basis.

81.     To the extent that the allegations in Paragraph 81 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 11 of *Prodigal Son*, Malcolm Bright tells the Junkyard Killer, John Watkins, "Plus, I'm not a killer," to which John Watkins responds "Not yet."  Defendants deny the remaining allegations in Paragraph 81 regarding *Prodigal Son*.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 81, and deny them on that basis.

82.     To the extent that the allegations in Paragraph 82 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 11 of *Prodigal Son*, the Junkyard Killer, John Watkins, tells Malcolm Bright that "You just haven't gone through the trials, like I did. I emerged a new man after my trials. And so will you. Mm, if you survive." Defendants deny that this refers to a "serial killer ritual/rite of passage." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 82, and deny them on that basis.

83.     To the extent that the allegations in Paragraph 83 are legal arguments or conclusions, they require no answer.  To the extent that an answer is required, Defendants admit that in Episode 14 of *Prodigal Son*, Martin Whitly tells Malcolm Bright that "I took you up to the cabin to kill you" but that "I couldn't bring myself

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to do it." Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 83, and deny them on that basis.

84.     Defendants admit that portions of *Prodigal Son* are set in New York City, where Malcolm Bright lives, and that Episode 1 includes a scene set in Tennessee. Defendants deny the remaining allegations in Paragraph 84 regarding *Prodigal Son*. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 84, and deny them on that basis.

85.     To the extent that the allegations in Paragraph 85 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants admit that *Prodigal Son* has dramatic and comedic elements, and that, at times, Malcolm Bright imagines or remembers his father speaking to him and has dreams about his childhood. Defendants deny the remaining allegations in Paragraph 85.

86.     To the extent that the allegations in Paragraph 86 are legal arguments or conclusions, they require no answer. To the extent that an answer is required, Defendants deny the allegations in Paragraph 86.

## **FIRST CAUSE OF ACTION**

87.     Defendants incorporate and reallege their responses set forth in the preceding paragraphs of this answer.

88.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 88, and deny them on that basis.

89.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 89, and deny them on that basis.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants deny the allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

## PRAYER

Plaintiff's prayer for relief does not require a response.

## ADDITIONAL DEFENSES

Defendants assert the following additional and affirmative defenses in response to the allegations in the SAC. Defendants reserve the right to amend this answer with additional defenses as further information is obtained. By alleging these additional defenses, Defendants are not in any way agreeing or conceding that they have the burden of proof or persuasion on any of these issues.

### First Additional Defense

1.     The SAC and its cause of action fail to state a claim upon which relief can be granted.

### Second Additional Defense

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not demonstrated that he possesses a valid, registered copyright for the allegedly infringed works.

### Third Additional Defense

3.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff does not own the allegedly infringed works.

### Fourth Additional Defense

4.     Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate access.

### Fifth Additional Defense

5.     Plaintiff's claims are barred, in whole or in part, because the allegedly infringed works are not substantially similar to *Prodigal Son*.

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### Sixth Additional Defense

6.   Plaintiff's claims are barred, in whole or in part, because the alleged selection and arrangement of elements in Plaintiff's works is not infringed by *Prodigal Son*.

### Seventh Additional Defense

7.   Plaintiff's claims are barred, in whole or in part, because *Prodigal Son* does not contain any protectable expression owned by Plaintiff.

### Eighth Additional Defense

8.   Plaintiff's claims are barred, in whole or in part, because the allegedly infringed elements are not protectable under copyright law or are in the public domain.

### Ninth Additional Defense

9.   Plaintiff's claims are barred, in whole or in part, because the allegedly infringed elements are not sufficiently original.

### Tenth Additional Defense

10.   Plaintiff's claims are barred, in whole or in part, because *Prodigal Son* was independently created.

### Eleventh Additional Defense

11.   Plaintiff's secondary liability claims are barred, in whole or in part, because Plaintiff fails to state a claim for direct infringement.

### Twelfth Additional Defense

12.   Plaintiff's secondary liability claims are barred, in whole or in part, because Plaintiff fails to state a claim for vicarious infringement.

### Thirteenth Additional Defense

13.   Plaintiff's secondary liability claims are barred, in whole or in part, because Plaintiff fails to state a claim for contributory infringement.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

### Fourteenth Additional Defense

14. The complaint and its cause of action is barred by the applicable statute of limitations, and/or doctrines of waiver, laches, acquiescence, and estoppel.

### Fifteenth Additional Defense

15. Plaintiff has suffered no injury or damage as a result of any act or conduct by Defendants.

### Sixteenth Additional Defense

16. To the extent Plaintiff's purported copyrights were not validly registered before the alleged infringement occurred, Plaintiff's request for statutory damages and attorneys' fees is barred.

### Seventeenth Additional Defense

17. The SAC and its cause of action are barred by the doctrine of unclean hands.

### Eighteenth Additional Defense

18. Plaintiff has failed to mitigate his damages, if any.

### Nineteenth Additional Defense

19. The SAC's claims for damages are barred because Plaintiff's alleged damages are speculative or uncertain in their nature and are not susceptible of proof with reasonable certainty.

### Twentieth Additional Defense

20. The SAC, to the extent that it seeks injunctive relief, is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages, and therefore Plaintiff is not entitled to seek equitable relief.

### Twenty-First Additional Defense

21. The SAC, to the extent that it seeks statutory or exemplary damages, violates Defendants' rights under the Fifth and Fourteenth Amendments of the

DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

United States Constitution, and Article I, § 7 and Article IV, § 16 of the California Constitution.

Defendants pray for relief as follows:

1.     That Plaintiff be denied any relief in this action;

2.     That judgment be entered in favor of Defendants and dismissing the SAC with prejudice;

3.     That Defendants be awarded their costs of suit, including, without limitation, reasonable attorneys' fees, pursuant to 17 U.S.C. § 505; and

4.     That the Court award Defendants such other and further relief as the Court deems just and proper.

DATED: August 11, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
ADRIAN F. VALLENS

By:  _____/s/ Nicolas A. Jampol_____
Nicolas A. Jampol

Attorneys for Defendants
WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES INC.; WARNERMEDIA DIRECT, LLC; FOX BROADCASTING COMPANY; GREG BERLANTI; BCR & CO.; CHRIS FEDAK; VHPT! CO.; SAM SKLAVER; SKLAVERWORTH INC.; and SARAH SCHECHTER

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899