NICOLAS A. JAMPOL (State Bar No. 244867)
  nicolasjampol@dwt.com
CYDNEY SWOFFORD FREEMAN (State Bar No. 315766)
  cydneyfreeman@dwt.com
ADRIAN F. VALLENS (State Bar No. 332013)
  adrianvallens@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants

GI NAM LEE (State Bar No. 204561)
  glee@lawlpl.com
LPL LAWYERS
8306 Wilshire Blvd., #555
Beverly Hills, CA 90211
Telephone: (213) 382-8051

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY LYGA, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WARNER BROS. TELEVISION, a division of WB STUDIO ENTERPRISES INC., a Delaware corporation; WARNER MEDIA DIRECT LLC, a Delaware limited liability company; FOX BROADCASTING COMPANY, a Delaware corporation; GREG BERLANTI, an individual; BCR & CO. dba BERLANTI PRODUCTIONS, a California corporation; CHRIS FEDAK, an individual; VHPT! CO., a California corporation; SAM SKLAVER, an individual; SKLAVERWORTH INC., a California corporation; SARAH SCHECTER, an individual; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:22-cv-06814-FLA-AGR<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED SCHEDULING PLAN**<br><br>Sched. Conf.: September 29, 2023<br>Time:　　　1:00 p.m.<br>Courtroom:　6B |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, and in accordance with the August 16, 2023 Order (Dkt. 44), plaintiff Barry Lyga ("Plaintiff") and defendants Warner Bros. Television, a division of WB Studio Enterprises Inc. ("WBTV"), WarnerMedia Direct, LLC ("WMD"), Fox Broadcasting Company, LLC ("Fox"), Greg Berlanti ("Berlanti"), BCR & Co. ("BCR"), Chris Fedak ("Fedak"), VHPT! Co. ("VHPT!"), Sam Sklaver ("Sklaver"), Sklaverworth Inc. ("Sklaverworth"), and Sarah Schechter ("Schechter") (collectively, "Defendants") submit the following joint report. Counsel for the parties conferred telephonically on September 6, 2023 and discussed the subjects required by Rule 26, Local Rule 26-1, and the Court's August 16 Order.

**1.    Rule 26(f) and Dkt. 44 Requirements**

   **a.    Statement of the Case [Dkt. 44 at 2]**

   Plaintiff's Statement:

   Plaintiff filed the Second Amended Complaint in the above-referenced matter on July 12, 2023. Plaintiff's Complaint involves claims arising out of, or related to, Copyright Infringement on the misappropriation of Plaintiff's novel *I Hunt Killers* and its related works for Defendants' TV Series *Prodigal Son*. In particular, Warner Bros Television held the option for *I Hunt Killers*, passed on the option, and later produced *Prodigal Son* with the other Defendants. Specifically, Plaintiff alleged one cause of action for Copyright Infringement 17 U.S.C. §§ 106, et seq.

   Moreover, Plaintiff's novel and related works are substantially similar with *Prodigal Son* in the total concept and overall feel. Furthermore, the two work have similarities in their non-literal elements, such as the original selection, coordination and arrangement of expressions.

   Defendants' Statement:

   Plaintiff alleges that Defendants' television series *Prodigal Son* infringes his purported copyrights in four works: *I Hunt Killers*, *Game*, *Blood of My Blood*, and *Lucky Day: An I Hunt Killers Novella* (collectively, "Plaintiff's Works"). But

1
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Prodigal Son* was created entirely independently by defendants Fedak and Sklaver, and its creators have never read nor heard of Plaintiff's Works.

While Plaintiff had an option/purchase agreement for *I Hunt Killers* with Horizon Scripted Television Inc. ("Horizon"), at all relevant times Horizon was a separate entity from WBTV, which produced *Prodigal Son*, until Horizon merged into WBTV in approximately mid-to-late 2020. None of *Prodigal Son*'s creators were aware of or involved in the Horizon *I Hunt Killers* agreement.

Moreover, while the works may share some *scenes a faire* or other unprotectable elements common to crime thrillers, Plaintiff's Works and *Prodigal Son* are not substantially similar as a matter of law.

**b.    Subject Matter Jurisdiction [Dkt. 44 at 2]**

The parties agree that the Court has subject matter jurisdiction over this case pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, under which Plaintiff's claim arises.

**c.  Legal Issues [Dkt. 44 at 3]**

The parties agree that the legal issues before this Court include (i) whether Plaintiff authored and owns the copyrights to Plaintiff's works (ii) whether each of the Defendants had access to Plaintiff's Works; (iii) whether Plaintiff's Works and *Prodigal Son* are substantially similar; (iv) whether *Prodigal Son* was created independently of Plaintiff's Works; (v) whether, assuming Plaintiff establishes liability against any Defendants, any other Defendants are vicariously or contributorily liable for such infringement; and (vi) whether and to what extent Plaintiff is entitled to damages or other relief.

The parties are not presently aware of any unusual substantive, procedural, or evidentiary issues.

**d.    Parties and Evidence [Dkt. 44 at 3]**

Parties, Subsidiaries, Parents, and Affiliates:

The parties to this lawsuit are:

2
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Barry Lyga – Plaintiff;
- Warner Bros. Television, a division of WB Studio Enterprises Inc. – Defendant;
- WarnerMedia Direct, LLC – Defendant;
- Fox Broadcasting Company, LLC[1] – Defendant;
- Greg Berlanti – Defendant;
- BCR & Co. – Defendant;
- Chris Fedak – Defendant;
- VHPT! Co. – Defendant;
- Sam Sklaver – Defendant;
- Sklaverworth Inc. – Defendant;
- Sarah Schechter – Defendant.

Defendants list the following subsidiaries, parents, and affiliates:

- Warner Bros. Television is a division of WB Studio Enterprises Inc., which is ultimately a wholly owned subsidiary of Warner Bros. Discovery Inc.
- WarnerMedia Direct, LLC is ultimately a wholly owned subsidiary of Warner Bros. Discovery, Inc.
- Fox Broadcasting Company, LLC is ultimately a wholly owned subsidiary of Fox Corporation.
- BCR & Co., VHPT! Co., and Sklaverworth Inc. are privately held companies with no parent corporation or applicable subsidiaries or affiliates.

Plaintiff's Percipient Witnesses: Based on the information presently known to Defendants, the following are percipient witnesses:

---

[1] The SAC erroneously states that Fox is a Delaware corporation; it is a Delaware limited liability company.

3
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Plaintiff Barry Lyga who is the author of Plaintiff's work.
- Person Most Knowledgeable for Defendant WARNER BROS. TELEVISION, a division of WB Studio Enterprises, Inc. who was producer of *Prodigal Son*.
- Person Most Knowledgeable for Defendant WARNER MEDIA DIRECT LLC who served as producer of *Prodigal Son*.
- Person Most Knowledgeable for Defendant FOX BROADCASTING COMPANY who served as distributor of *Prodigal Son*.
- Defendant GREG BERLANTI who served as executive producer of *Prodigal Son*.
- Person Most Knowledgeable for BCR & CO. dba BERLANTI PRODUCTIONS who was producer of *Prodigal Son*.
- Defendant CHRIS FEDAK who served as an executive producer, showrunner, writer, and creator of *Prodigal Son*.
- Person Most Knowledgeable for Defendant VHPT! CO. who served as co-producers od *Prodigal Son*.
- Defendant SAM SKLAVER who served as an executive producer, showrunner, writer, and creator of *Prodigal Son*.
- Person Most Knowledgeable for Defendant SKLAVERWORTH INC who served as co-producers of *Prodigal Son*.
- Defendant SARAH SCHECTER who served as executive producer of *Prodigal Son*.
- Leigh Redmond, former Horizon development executive for *I Hunt Killers*.
- The directors and writers for all episodes of *Prodigal Son* as follows:
    - Directors:  Marisol Adler (S2, Ep. 11); Rob Bailey (S1, Ep.3); Satya Bhabha (S1, Ep.16; S2, Ep.10); Dermott Downs (S1, Ep. 18; S2, Ep. 9); Megan Griffiths (S1, Ep.6); Chris Grismer (S2, Ep. 5, 8, 12, 13); Rob Hardy (S1,

4
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Ep.8); Leon Ichasso (S1, Ep.4); Adam Kane (S1, Ep.2, 7, 11, 15, 20); Lee Toland Krieger (S1, Ep.1); Omar Madha (S1, Ep.5; S2, Ep. 3, 4); Lily Mariye (S1, Ep. 19); Antoni Negret (S1, Ep.9; S2, Ep.1, 2); Lou Diamond Phillips (S2, Ep.7); Lisa Robinson (S1, Ep. 14; S2, Ep.6); Pamela Romanowsky (S1, Ep.17); David Tuffman (S1, Ep.12); Valerie Weiss (S1, Ep.10); Glen Winter (S1, Ep. 13);

- o <u>Writers</u>: Wyatt Cain (S1, Ep.8, 14; S2, Ep.6); Wendy Calhoun (S1, Ep. 4); Jeremy Carver (S1, Ep.5); Marcus Dalzine (S2, Ep.5); Sabrina Deana-Roga (S1, Ep.10, 17; S2, Ep.9); Lauriel Harte Marger (S1, Ep.9, 17; S2, Ep.7); Eileen Jones (S2, Ep.2, 10); Justin W. Lo (S1, Ep.6, 16); Elizabeth Peterson (S1, Ep. 7, 15, 20; S2, Ep.4, 11); Jeremy Powell (S2, Ep. 11); Lisa Randolph (S1, Ep.3; S2, Ep.3, 12); Alexis Siegel (S1, Ep.12; S2, Ep.10); Lilla Zuckerman (S1, Ep.11, 18; S2, Ep.8, 13); Nora Zuckerman (S1, Ep.11, 18; S2, Ep.8, 13).

<u>Defendants' Percipient Witnesses</u>: Based on the information presently known to Defendants, the following are percipient witnesses:

- Plaintiff Barry Lyga, who, according to the SAC, authored Plaintiff's Works.
- Defendant Chris Fedak, who served as an executive producer, showrunner, writer, and creator of *Prodigal Son*.
- Defendant Sam Sklaver, who served as an executive producer, showrunner, writer, and creator of *Prodigal Son*.
- Leigh Redmond, former Horizon development executive for *I Hunt Killers*.

<u>Plaintiff's Key Evidence</u>:

- Plaintiff's *I Hunt Killers* book.
- Plaintiff's *Game* book.
- Plaintiff's *Blood of My Blood* book.
- Plaintiff's *Lucky Date: An I Hunt Killers Novella* book.

5
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Registration information on the United States Copyright Office of Plaintiff's work.
- Documents relating to the option agreement held between Plaintiff and Warner Bros. Television.
- Documents and communication regarding Plaintiff's work between the Defendants and/or third parties
- Episodes of *Prodigal Son*
- Documents and communications relating to Fedak and Sklaver's ideas and plans for *Prodigal Son*.
- Documents and communications relating to *Prodigal Son*'s development and production.
- Drafts and notes of scripts for all episodes of *Prodigal Son*
- Copyright clearances from Defendants
- Documents regarding consumer opinions, social media posts, articles related to similarity between Plaintiff's work and *Prodigal Son*

Defendants' Key Evidence:  Based on the information presently known to Defendants, possible key documents and evidentiary materials include:

- Episodes of *Prodigal Son*.
- Documents and communications relating to Fedak and Sklaver's ideas and plans for *Prodigal Son*.
- Documents and communications relating to *Prodigal Son*'s development and production.
- Plaintiff's Works.
- Documents and communications regarding the creation and copyright ownership of Plaintiff's Works.
- Documents and communications regarding Plaintiff's Works' release and distribution.

- Documents and communications regarding attempts to license, monetize, or adapt Plaintiff's Works, including documents related to Plaintiff's option/purchase agreement with Horizon.
- Documents regarding other works that reflect elements over which Plaintiff claims ownership in this suit.

e. **Damages [Dkt. 44 at 3]**

Plaintiff will ask for statutory damages, as well as fees and costs, in the amount to be determined at trial.

Defendants do not seek damages in this action and deny that Plaintiff has suffered any damages as a result of any conduct attributable to Defendants. Defendants will seek recovery of their attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

f. **Insurance [Dkt. 44 at 3]**

On current information and belief, Defendants do not believe an insurance business would be liable to satisfy any possible judgment in this matter.

g. **Motions [Dkt. 44 at 3]**

The Defendants do not presently anticipate any motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction. Plaintiff will seek an order to add Horizon Scripted Television, Inc. as a party.

h. **Dispositive Motions [Dkt. 44 at 3]**

The parties anticipate filing cross-motions for summary judgment on the issues of access, substantial similarity, independent creation, and secondary liability.

i. **Manual for Complex Litigation [Dkt. 44 at 3]**

The parties agree that this case is not complex and that the proceedings regarding complex litigation should not apply.

j. **Status of Discovery [Dkt. 44 at 3]**

7
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | The parties have agreed to exchange initial disclosures by October 6, 2023.

2 | Plaintiff is preparing written Interrogatories, Requests for Admissions and Requests for Production of Documents pursuant to Federal Rules of Civil Procedure and court orders.

Defendants are preparing written discovery requests and anticipate propounding requests for production, interrogatories, and requests for admission.

The parties do not have any current or anticipated disputes regarding discovery.

### k.  Discovery Plan [Dkt. 44 at 3-4, Rule 26(f)]

The parties anticipate propounding written discovery and taking depositions. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(e), the parties agree to accept service of all documents by email.  For service on Defendants, documents shall be emailed to all the following email addresses: nicolasjampol@dwt.com, cydneyfreeman@dwt.com, and adrianvallens@dwt.com.  For service on Plaintiff, documents shall be emailed to all the following email addresses: glee@lawlpl.com.

The parties propose the following discovery plan:

### i.    Initial Disclosures [Rule 26(f)(3)(A)]

The parties have agreed to exchange initial disclosures on October 6, 2023. The parties do not propose any changes to the form or other requirements for disclosures under Rule 26(a).

### ii.   Discovery Subjects, Timing, Phases [Rule 26(f)(3)(B)]

Plaintiff will seek information and document from Defendants, and any agents, representatives, subsidiaries, and partners, as to the creation, development, use, clearance of copyrights, and distribution of *Prodigal Son,* along with discovery as to Defendants' revenues, profits, and expenses from sale of distribution, licensing, and ancillary rights.  Plaintiff will depose Defendants in their individual capacity as well as the corporate defendants' PMK along with their employee or independent contractors such as a writers and directors on all episodes of *Prodigal*

8
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Son.* Plaintiff may seek additional discovery from third-party witnesses identified in discovery. These anticipated topics and deponents are not complete at this time, and Plaintiff reserves the right to add or modify them as necessary.

Defendants will seek information and documents from Plaintiff, and any contractors, agents, representatives, and partners, as to the creation, development, use, and copyright ownership of Plaintiff's Works, along with discovery as to the alleged damages suffered by Plaintiff, including any expenses, revenues, profits, licensing, options, and other agreements relating to Plaintiff's Works. Defendants will depose Plaintiff in his individual capacity, as well as others who worked on or were involved with developing, publishing, adapting, managing, optioning, and/or licensing Plaintiff's Works. Defendants may seek additional discovery from third-party witnesses identified in discovery. These anticipated topics and deponents are not complete at this time, and Defendants reserve the right to add or modify them as necessary.

The parties propose a non-expert discovery cut-off date of September 6, 2024, and an expert discovery cut-off date of October 11, 2024.

### iii. Issues Regarding ESI [Rule 26(f)(3)(C)]

The parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information ("ESI"). They agree to meet and confer regarding any issues that arise during discovery.

The parties agree that discoverable ESI will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, subject to any exceptions mutually agreed upon by the parties. ESI may be produced on an external storage drive or via an electronic service, such as dropbox.com or FTP.

### iv. Privilege Issues [Rule 26(f)(3)(D)]

The parties intend to submit a stipulated protective order pursuant to Rule 26(c) governing the disclosure and use of confidential information in the case.

9
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

There presently are no other anticipated issues relating to claims of privilege or other protections as to trial-preparation materials.

### v. Changes to Limitations on Discovery [Rule 26(f)(3)(E)]

At this time, the parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules.

### l. Discovery Cut-off [Dkt. 44 at 4]

The parties have conferred, and jointly propose the following discovery cut-off date governing the completion of all fact discovery, including resolution of all discovery motions: September 6, 2024.

### m. Expert Discovery [Dkt. 44 at 4]

The parties have conferred, and jointly propose the following expert discovery dates:

Initial Expert Disclosures: September 13, 2024

Rebuttal Expert Disclosures: September 27, 2024

Expert Discovery Cut-off (including depositions): October 11, 2024

### n. Settlement Conference/ADR [Dkt. 44 at 4]

No settlement discussions have occurred yet. The parties agree to ADR Procedure No. 3, private mediation.

### o. Trial Estimate [Dkt. 44 at 4]

Plaintiff has requested a jury trial. Plaintiff anticipates that a trial that will take approximately 5-7 days due to the amount of Defendants and Witnesses to be called. Plaintiff anticipates calling at least 20 witnesses.

Defendants estimate that a trial will take approximately 3-5 days, largely due to the number of Defendants that have been named in this lawsuit. Defendants anticipate calling 8-10 witnesses.

### p. Trial Counsel [Dkt. 44 at 4]

Trial counsel for Plaintiff is Gi Nam Lee.

10
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Trial counsel for Defendants is Nicolas A. Jampol and Cydney Swofford Freeman.

### q. Independent Expert or Master [Dkt. 44 at 4-5]

The parties do not believe this is a case in which an independent expert or master should be appointed.

### r. Schedule Worksheet [Dkt. 44 at 5]

The parties jointly submit the attached Schedule of Pretrial and Trial Dates Worksheet with their Joint Rule 26(f) Report.

### s. Other [Dkt. 44 at 5]

The parties are not presently aware of any other issues affecting the status or management of the case.

DATED: September 15, 2023

DAVIS WRIGHT TREMAINE LLP
NICOLAS A. JAMPOL
CYDNEY SWOFFORD FREEMAN
ADRIAN F. VALLENS

By: /s/ Nicolas A. Jampol
Nicolas A. Jampol

Attorneys for Defendants

DATED: September 15, 2023

LPL LAWYERS
GI NAM LEE

By: /s/ Gi Nam Lee
Gi Nam Lee

Attorney for Plaintiff

### SIGNATURE ATTESTATION

Pursuant to L.R.5-4.3.4, I attest that all signatories listed above, on whose behalf this report is submitted, concur in the filing's content and have authorized the filing.

DATED: September 15, 2023

By: /s/ Nicolas A. Jampol
Nicolas A. Jampol

11
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DISTRICT JUDGE FERNANDO L. AENLLE-ROCHA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| Case No. 2:22-cv-06814-FLA-AGR | Case Name: LYGA V. WBTV; et al. | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one: ☒ Jury Trial  or  ☐ Bench Trial<br>[Tuesday at 8:30 a.m. within 12-15 months of Scheduling Conference based on complexity]<br>Estimated Duration: 8 Days (Plaintiff); 3-5 Days (Defendants) | | 04/15/2025 | 04/15/2025 |
| Final Pretrial Conference ("FPTC" [L.R. 16], Hearing on Motions in Limine<br>[Friday at 3:00 p.m. at least 18 days before trial] | | 03/28/2025 | 03/28/2025 |
| **Event[2]**<br>Note: Hearings shall be on Fridays at 1:30 p.m.<br>Other dates can be any day of the week | **Time Computation[3]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 12/29/2023 | 12/29/2023 |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 17 weeks before FPTC | 09/06/2024 | 09/06/2024 |
| Expert Disclosure (Initial) | 16 weeks before FPTC | 09/13/2024 | 09/13/2024 |
| Expert Disclosure (Rebuttal) | 14 weeks before FPTC | 09/27/2024 | 09/27/2024 |
| Expert Discovery Cut-Off | 12 weeks before FPTC[4] | 10/11/2024 | 10/11/2024 |
| Last Date to Hear Motions [Friday]<br>Rule 56 Motion due at least 5 weeks before hearing<br>Opposition due 2 weeks after Motion is filed<br>Reply due 1 week after Opposition is filed | 8 weeks before FPTC | 11/22/2024 | 11/22/2024 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>Select one: ☐ 1. Magistrate Judge (with Court approval)<br>☐ 2. Court Mediation Panel<br>☒ 3. Private Mediation | 5 weeks before FPTC | 02/21/2025 | 02/21/2025 |
| Trial Filings (first round) [Friday]<br>Motions in Limine<br>·Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>Witness Lists [L.R. 16-5]<br>Joint Exhibit List [L.R. 16-6.1]<br>Joint Status Report Regarding Settlement<br>Proposed Findings of Fact and Conclusions of Law [L.R. 52]<br>    (bench trial only)<br>·Declarations containing Direct Testimony, if ordered<br>    (bench trial only) | 4 weeks before FPTC | 02/28/2025 | 02/28/2025 |
| Trial Filings (second round) [Friday]<br>Oppositions to Motions In Limine<br>Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>Joint Agreed Proposed Jury Instructions (jury trial only)<br>Disputed Proposed Jury Instructions (jury trial only)<br>Joint Proposed Verdict Forms (jury trial only)<br>Joint Proposed Statement of the Case (jury trial only)<br>Proposed Voir Dire Questions, if any (jury trial only)<br>Evidentiary Objections to Declarations of Direct Testimony<br>    (bench trial only) | 2 weeks before FPTC | 03/14/2025 | 03/14/2025 |

---

[2] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order.
[3] The numbers below represent the court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions, patent, and ERISA cases may need to vary from the above.
[4] The parties may choose to cut off expert discovery prior to the deadline to file a motion for summary judgment.

12
JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING PLAN

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899